# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION
*(Electronically Filed)*

| | |
|---|---|
| **DOUGLAS HAGGERTY,** *et al.,* ) | |
| ) | |
| Plaintiffs, ) | CASE NO. 1:15-cv-00955-JMS-MJD |
| ) | |
| vs. ) | JUDGE JANE MAGNUS-STINSON |
| ) | MAGISTRATE MARK J. DINSMORE |
| **MPW INDUSTRIAL SERVICES, INC.,** ) | |
| *et al.,* ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION TO FILE SETTLEMENT AGREEMENTS AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS UNDER SEAL

Now come Plaintiffs, Douglas Haggerty ("Haggerty") and Tory Shaver ("Shaver"), and Defendant MPW Industrial Services, Inc. ("MPW"), (collectively, the "Parties"), by and through their undersigned counsel, pursuant to Local Rule 5-11, and hereby move this Court for an Order granting the Parties permission to file under seal a copy of: (1) the Confidential Class Action Settlement Agreement and Release ("Class Agreement Settlement Agreement"); (2) the individual Confidential Settlement and Release Agreement entered into by Haggerty, on the one hand, and MPW, on the other hand ("Haggerty Agreement"); (3) the individual Confidential Settlement and Release Agreement entered into by Shaver, on the one hand, and MPW, on the other hand ("Shaver Agreement") (collectively, the "Agreements"); and (4) the Parties' Joint Motion for Conditional Certification of Settlement Class, Preliminary Approval of Class Action Settlement Agreement, Approval of Individual Settlement Agreements, and Approval of Proposed Notice of Class Action Settlement and Hearing, as well as the applicable Memorandum in Support ("Preliminary Approval Motion").

As grounds for this Motion, the Parties, through lengthy settlement negotiations and discussions, settled this Action on January 6, 2016, as a class action subject to the Court's approval under FED. R. CIV. P. 23 and on an individual basis, including claims under the Fair Labor Standards Act ("FLSA"), and thus, subject to the Court's approval because FLSA settlement agreements require approval by a Court or the United States Department of Labor.  The Agreements embodying the settlement reached by the Parties contain confidentiality provisions and, therefore, the Parties now seek permission of the Court to file a copy of each of three Agreements as well as the Preliminary Approval Motion under seal in order to comply with the confidentiality terms.

In further support of and as grounds for this Joint Motion, the Parties state:

1. This Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the Indiana Wage Assignment Statute, I.C. 22-2-6-1, *et seq.*, the Indiana Wage Payment Statute, I.C. 22-2-5-1, *et seq.*, and the Indiana Wage Claims Statute, I.C. 22-2-9-1, *et seq.*

2. On January 6, 2016, after arms'-length negotiations, the Parties reached agreement on the terms of a settlement of this Action as a class action under FED. R. CIV. P. 23 and as to individual claims, which were brought in part under the FLSA.  Maintaining the confidentiality of these Agreements is one of the terms of the settlement the Parties reached.

3. FLSA settlement agreements require approval by a Court or the U.S. Department of Labor.  *See* 29 U.S.C. § 216; *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Raymer v. Mollenhauer*, No. 3:10-CV-210-PS, 2011 WL 338825, at *1 (N.D. Ind. Jan. 31, 2011); *Burkholder v. City of Fort Wayne*, 750 F. Supp.2d 990, 994 (N.D. Ind. 2010).  Further, settlement of class actions brought under the Federal Rules of Civil Procedure require Court approval.  *See* FED. R. CIV. P. 23(e).

4.     Inasmuch as the Parties must submit a copy of the Agreements for review and approval by the Court under FED. R. CIV. P. 23 and under the FLSA, they are requesting the Court's permission to file the Agreements under seal in order to comply with the confidentiality terms of the Agreements they reached.  Under federal law, settlement negotiations and discussions are deemed to be privileged communications in order to foster the candid discussion of issues, including the relative strengths and weaknesses of the parties' claims and defenses.  *See* FED. R. EVID. 408.  In addition, it is well-settled that public policy encourages the settlement of lawsuits, and that public policy could be jeopardized if private settlement agreements were made public. *See, e.g.,* Opinion & Order, *Simmons v. Philips Electronics North Am. Corp.*, No. 2:12-cv-39 (N.D. Ind. Jan 8, 2014), ECF No. 38 ("This is because settlement serves an important role, and compelling production of such documents may have a chilling effect on entering settlement agreements.") (citations omitted). [1]  Finally, it is well-recognized that settlement agreements typically contain confidentiality provisions for a variety of reasons, including to maintain the integrity of the negotiation process and to avoid fomenting other litigation simply because the parties elected to settle a particular lawsuit.  *Id.*; *see also Stoll v. Kraft Foods Global, Inc.*, Case No. 1:09-cv-0364-LJM-DML, 2010 WL 2560101, at *1 (S.D. Ind. June 24, 2010) (refusing to order the production of settlement agreements from one case in an unrelated case on the grounds that "[b]ecause opposing parties might settle cases for various and not necessarily mutual reasons, it cannot be assumed that the terms of settlement would be relevant to the issues of liability or damages" in the unrelated case) (citations omitted).

---

[1] Consistent with Local Rule 7-1(f), a copy of this Opinion and Order is attached hereto as Exhibit 1.

FPDOCS 31452091.1

5. The Parties contend that good cause exists to permit the filing of the Agreements under seal because the Agreements contain the terms of settlement reached after lengthy negotiations and discussions. By revealing the specific terms to which the Parties ultimately agreed, they invariably would be disclosing information concerning their negotiation tactics and posture on wage-and-hour cases, including which settlement terms they might require or not require to settle a case that could be used against them in other similar cases. In addition, publicizing the settlement terms of this particular Action creates the erroneous impression that all similar types of lawsuits will be resolved on the same terms, and, therefore, might invite copycat litigation.

6. Other federal courts, including the United States District Court for the Northern District of Indiana which has a very similar Local Rule concerning the sealing of documents, have concluded that it is appropriate to seal settlement agreements in FLSA cases for these types of reasons. *See, e.g.,* Opinion & Order, *Allen v. The Payday Loan Store of Indiana, Inc.*, No. 2:13-cv-262-WCL-PRC (N.D. Ind. Apr. 9, 2015), ECF. No. 43 ("The court finds that the parties have shown good cause to maintain the Settlement Agreements under seal. In order to settle this FLSA collective action by way of a settlement agreement, the parties have no choice but to seek the approval of the Court, which is a public proceeding. The parties do not have the option, as litigants do in most non-FLSA collective action cases, to execute a private, confidential settlement agreement and then file a stipulation of dismissal. Yet assuring confidentiality is a key and material part[] of these settlement agreements.") (citations omitted);[2] *Swarthout v. Ryla Teleservices, Inc.*, No. 4:11-CV-21-PRC, 2012 WL 5361756, at *3 (N.D. Ind. Oct. 30, 2012) (The court permitted the proposed settlement agreement resolving the collective action Plaintiffs'

---

[2] Consistent with Local Rule 7-1(f), a copy of this Opinion and Order is attached hereto as Exhibit 2.

claimed to be filed (maintained) under seal, and in doing so, the court stated: "In order to settle this FLSA collective action by way of a settlement agreement, the parties have no choice but to seek the approval of the Court, which is a public proceeding. The parties do not have the option, as litigants do in most non-FLSA collective action cases to execute a private, confidential settlement agreement and then file a stipulation of dismissal. Nevertheless, assuring confidentiality of the settlement was a key and material term of these parties' confidential Settlement Agreement.") (citation omitted); *see also Kay Beer Distrib., Inc. v. Energy Brands, Inc.*, No. 07-C-1068, 2009 WL 3790202, at *1 (E.D. Wis. Nov. 12, 2009).

7. All parties to this Action consent to the Agreements and the Preliminary Approval Motion being filed under seal and join in this Joint Motion. Moreover, the Parties represent there are no other less restrictive alternatives to protect the confidentiality of the terms of their settlement than filing the Agreements under seal. For instance, redaction would not be sufficient because there are many key terms of the Agreements other than monetary terms that are confidential to the Parties, and, therefore, virtually the entirety of each document would need to be redacted.

WHEREFORE, for the foregoing reasons, the Parties respectfully move the Court for an Order granting them permission to file under seal for review and approval by the Court a copy of: (1) the Class Action Settlement Agreement; (2) the Haggerty Agreement; (3) the Shaver Agreement, and (4) the Preliminary Approval Motion, all containing the terms of the settlement they reached through arms'-length negotiations on January 6, 2016.

Dated: March 24, 2016

Respectfully submitted,

| | |
|---|---|
| */s/Robert P. Kondras, Jr.* <br> *(per voicemail authorization on 3/24/2016)* <br> Robert P. Kondras, Jr., Esq. <br> HUNT, HASSLER, KONDRAS & MILLER LLP <br> 100 Cherry Street <br> Terre Haute, IN 47807 <br> (812) 232-9691 – Telephone <br> (812) 234-2881 – Facsimile <br> kondras@huntlawfirm.net <br><br> *Attorney for Plaintiffs* | */s/Richard A. Millisor* <br> Richard A. Millisor, Esq. <br> Robert E. Dezort, Esq. <br> FISHER & PHILLIPS LLP <br> 9150 South Hills Blvd., Suite 300 <br> Cleveland, OH 44147-3599 <br> (440) 838-8800 – Telephone <br> (440) 838-8805 – Facsimile <br> rmillisor@laborlawyers.com <br> rdezort@laborlawyers.com <br><br> *Attorneys for Defendants* |

7

**CERTIFICATE OF SERVICE**

This is to certify that on March 24, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM-ECF System, and that service will be made electronically on all ECF-registered counsel of record via e-mail generated by the Court's ECF system.

*/s/Richard A. Millisor*
Richard A. Millisor
Attorney for Defendant

FPDOCS 31452091.1